JS-6; O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Before this Court is a Motion for Leave to File a Second Amended Complaint ("SAC") and Remand the Action to State Court filed by Plaintiffs Shideh Khoshnood, Jacob Shahwan, and Ajay Lalwani ("Plaintiffs").[1] The Proposed Second Amended Complaint ("Proposed SAC") seeks to add Maria Mesa as a defendant on one new cause of action (twelfth cause of action) for intentional infliction of emotional distress ("IIED") on behalf of Plaintiff Jacob Shahwan, and adds defamation allegations against Mesa by Plaintiff Shahwan in the tenth cause of action. Proposed SAC ¶¶ 129 (defamation allegations); 142-152 (IIED allegations). If Plaintiffs were permitted to file the Proposed SAC, diversity jurisdiction would be destroyed since Mesa and Plaintiffs are California citizens. Proposed SAC ¶¶ 5-7, 9.[2]

For the following reasons, the Court GRANTS the Motion and ORDERS the action remanded to Los Angeles County Superior Court.[3]

---

[1] Dkt. 8.

[2] Plaintiffs do not actually allege citizenship — either their own citizenship or that of Mesa's — in the SAC. They only allege that they (the three Plaintiffs) are *residents* of California and that Mesa is also a *resident*. For purposes of this Motion, the Court construes Plaintiffs' allegations to be in reality allegations of *citizenship*, which is what Bank of America did in removing this case to this court. *See infra* Part I.

[3] Dkt. 8.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

## I. BACKGROUND

This case involves an action for employment discrimination in which Plaintiffs, former employees of Bank of America ("BofA" or "Defendant"), allege that their employer terminated them unlawfully because of age and race. Plaintiffs filed their Complaint in Los Angeles County Superior Court on June 15, 2010, naming as Defendants BofA, its Consumer Market Executives Benjamin Garcia and Vera Stewart, and its Region Executive Lynn Fernandez. Plaintiff filed a first amended complaint ("FAC") in Superior Court on September 23, 2010. That complaint, which names the same defendants, is the current operative complaint.

On May 20, 2011, Plaintiffs dismissed without prejudice Defendants Garcia, Fernandez, and Stewart. Dkt. 1, Notice of Removal ("NOR") ¶ 6 & Exh. L. Linda Fermoyle Rice, Counsel for Plaintiffs, explains in her declaration appended to the Motion that permitting the dismissal of the named defendants was a "rookie error" on her part. Rice Decl. ¶ 8. H She notes, "That was an error on my part, not only because it resulted in removal but because my clients have legitimate individual claims, certainly as to Mr. Garcia. In fact, if this case is remanded to state court, the first thing I will do is make a motion to set aside the dismissals and/or to "Doe" back in Mr. Garcia at a minimum." Rice Decl. ¶ 12.

After the entry of the request for dismissal, the only remaining Defendant was BofA, and there was, for the first time, diversity between the parties. NOR ¶ 7. The action was removed by Defendants to this Court on May 26, 2011 on the basis of diversity jurisdiction. NOR ¶¶ 12-13. Plaintiffs filed a motion for leave to amend the Complaint on June 10, 2011. Dkt. 8. In their motion, Plaintiffs also request remand to state court.

## II. LEGAL STANDARD

Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e). *See, e.g.*, *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (Pregerson, J.). *See also IBC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

*Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (Conti, J.) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally). 28 U.S.C. § 1447(e) provides that "[i]f after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993) (citing 28 U.S.C. 1447(e)), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999).[4]

In ruling on such a motion, courts look to several factors, as discussed in *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016 (C.D. Cal. 2002) (Snyder, J.):

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Id.* at 1020. "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, 2010 WL 1680800, *3 (N.D. Cal. July 6, 2010) (Illston, J.).

### III. SUMMARY OF ALLEGATIONS AGAINST MESA

---

[4] Both Plaintiffs and Defendant cite to *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir.1980) for the factors for assessing the motion before this Court. However, while *Desert Empire* is relevant to the analysis of Plaintiffs' motive in seeking amendment, the majority of its analysis was superseded by 28 U.S.C. § 1447(e) in 1996. *See Graunstadt v. USS-Posco Industries*, 2010 WL 3910145, *4 (N.D. Cal. Oct. 5, 2010) (Illston, J.).

JS-6; O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

Plaintiff Shahwan, who is of Middle Eastern origin, Proposed SAC ¶ 6, is the only plaintiff to make allegations against Mesa. Accordingly, the Court focuses on Plaintiff Shahwan's allegations in its summary.

Shahwan alleges in the SAC that between October 2003 and October 2008, he was vice-president and manager for various bank branches of BofA, and because of his success in these positions, was transferred to various underperforming branches, where he was expected to and did increase performance. Proposed SAC ¶ 33. Shahwan alleges he was harassed (non-sexually) by Garcia, Consumer Market Executive for the West San Fernando Valley, between January 2009 and January 2010. Proposed SAC ¶¶ 12, 34. He alleges Garcia did not allow Shahwan to take two weeks vacation over the Christmas holidays, while he regularly allowed other managers, none of whom were Middle Eastern, to do so. Proposed SAC ¶¶ 38-39. Garcia also allegedly made complaints that Shahwan was not managing his branch, the Tarzana branch, effectively. Proposed SAC ¶ 40. On January 8, 2010, Garcia gave Shahwan a choice to be demoted from a Manager III position at the Tarzana branch to a Manager II position at the Chatsworth branch, or to be terminated. Proposed SAC ¶ 41. Shahwan chose the demotion. *Id*. Nevertheless, on January 28, 2010, Shahwan was terminated by Garcia from his employment with BofA. Proposed SAC ¶ 42.

On March 23, 2010, Shahwan filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") and received his right to sue notice on the same date. Proposed SAC ¶ 44 & Exh. 2. In April 2010, Shahwan was rehired by BofA and assigned to the Northridge branch where Mesa was his supervisor. Proposed SAC ¶ 45. On June 15, 2010, Shahwan, along with Khoshnood and Lalwani, filed the current lawsuit.

Shahwan alleges that during the summer of 2010, after he had filed his original lawsuit against BofA, "Mesa began to harass and criticize him, making unreasonable demands on him and otherwise retaliating against him because of his lawsuit against the Bank." Proposed SAC ¶ 46. Shahwan describes Mesa's allegedly abusive behavior, which included ignoring Shahwan, dealing only with his assistant manager, criticizing him, telling others in Shahwan's presence "that she did not like Middle Eastern Men," and demanding that he promote employees who were not qualified for the positions so that when they could not perform satisfactorily, Mesa could terminate them. Proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

SAC ¶¶ 47-49.  Mesa demanded that Shahwan "remain at the Bank branch after learning that his home had been burglarized, even though the police requested his presence at the investigation of the crime."  Proposed SAC ¶ 47.  Mesa also told other employees in the presence of Shahwan that "there were too many people of Middle Eastern descent working in the San Fernando Valley bank branch."  Id. at ¶ 48.

Plaintiffs' defamation-related allegations against Mesa are as follows:

> Following his termination from Bank for a second time on November 29, 2010, Mesa told his associates, colleagues and customers that she had terminated Jacob [Shahwan] because he was a poor manager who was unreliable, unethical and had engaged in questionable practices in managing the Bank's Northridge branch.  These statements were known by Mesa to be untrue when stated and were intended to injure Jacob's [Shahwan's] reputation in the banking industry.

Proposed SAC ¶ 129.

On November 29, 2010, BofA and Mesa terminated Shahwan's employment with the Bank.  Proposed SAC ¶ 50.

On January 15, 2011, Shahwan contacted DFEH to make a second, separate complaint arising out of his treatment and termination by Mesa.  Declaration of Linda Fermoyle Rice, Counsel for Plaintiffs ("Rice Decl."), ¶ 6.  Shahwan, however, did not obtain a right-to-sue letter until June 1, 2011 because he "did not have some of the information necessary to complete the complaint at that time,"[5] and because Shahwan's counsel, Ms. Rice, was occupied with "the press of business and a trial that intervened."  Rice Decl. ¶ 6.  Plaintiffs filed this Motion to Amend on June 10, 2011.  Dkt. 8.

## IV. DISCUSSION

### A. Just Adjudication

---

[5] Ms. Rice does not state in her declaration, nor do Plaintiffs state in their Motion or Reply papers, what exactly this "necessary information" was.

JS-6; O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

The interest of joining a defendant for just adjudication favors permitting amendment. "Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp.2d 1008, 1011-12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Boon*, 229 F. Supp. 2d at 1023 (internal quotation marks omitted). "But, if the nondiverse party to be joined is really indispensable, the court has no discretion; it must authorize joinder and remand the action." *Id.* at 1023 n.5.

Plaintiffs asserts that "[a]s a management-level employee of [BofA], Mesa is a necessary party since, without her involvement in this litigation . . . it will not be possible to adjudicate all of Mr. Shahwan's claims against [BofA] without taking into account Mesa's conduct during [Shahwan's] employment with the Bank between April and November 2010." Reply at 4. Plaintiffs also contend that there is a "'very close' and 'legally recognized relationship' between Bank of America and its managing agent, Maria Mesa." Mot. at 10. Plaintiffs further note, "[Mesa's] actions toward Jacob Shahwan form the basis of his claim of discrimination after he was re-hired by the Bank and subject her to a claim of intentional infliction of emotional distress." *Id.*

Defendant points out that Shahwan has already asserted claims for defamation and IIED against the bank. Opp. at 9. While this is true, given that Mesa was Shahwan's supervisor and allegedly directly responsible for his November 2010 termination, she "bears more than a tangential relationship" to his claims. *IBC Aviation Services*, 125 F. Supp. 2d at 1012. Accordingly, disallowing Plaintiffs' proposed amendment would hinder Shahwan from asserting his rights against the employer who is alleged to be primarily and directly responsible for his termination. *See id.*

Failure to join Mesa "will lead to separate and redundant actions," one in state court against Mesa, and one in federal court against BofA. *Boon*, 229 F. Supp. 2d at 1023. *See also IBC Aviation*, 125 F. 2d at 1012 ("[R]equiring [Plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results."). Here, Ms. Rice, counsel for Plaintiffs, has stated her intention if this Motion is denied to proceed in state court against Mesa and BofA "as to the new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

claims arising out of [Shahwan's] employment between April and November [of 2010], as is [her] client's right." Rice Decl. ¶ 14. Two such parallel actions would constitute a waste of judicial resources and perhaps lead to inconsistent results. This is exactly what section 1447(e) seeks to prevent. This factor thus weighs in favor of permitting amendment.

### B. Statute of Limitations

Defendants do not argue that a new action against Mesa would be time-barred. Accordingly, this factor supports permitting amendment. *See Boon*, 229 F. Supp. 2d at 1023 (citing *Clinco*, 41 F. Supp. 2d at 1083).

### C. Delay in Seeking Joinder

Plaintiffs filed their original complaint in state court on June 15, 2010, Defendant removed the case on May 26, 2011, Shahwan obtained his right-to-sue letter on June 1, 2011, Rice Decl. ¶ 6, and Plaintiffs filed the motion to amend on June 10, 2011.

Defendant contends that Plaintiffs' motion seeking amendment is untimely because: (1) Shahwan was aware of Mesa's actions as early as November 2010 (as indicated in his deposition); (2) Shahwan's claims against Mesa did not require a filing of any claim with the DFEH; and, thus, (3) Plaintiffs do not sufficiently explain the seven-month delay between Shahwan's termination and the filing of this motion. Opp. at 6-8.

Regarding Plaintiffs' awareness of Mesa's actions, Shahwan's deposition was taken on November 11, 2010. *See* Declaration of Ryan Derry, Counsel for Defendant BofA ("Derry Decl."), ¶ 2 & Exh. A. Shahwan was not terminated until November 29, 2010, and thus, while he may been aware of Mesa's allegedly harassing actions at the time of his deposition, he did not have a claim against Mesa for injuries arising out of his termination, including IIED and defamation, until after such termination had occurred.

Regarding Shahwan's filing with the DFEH, Shahwan is not seeking to bring any claims against Mesa under FEHA. Plaintiffs have not stated, not has the Court found why a DFEH letter would be required prior to bringing suit for common law defamation and IIED. However, Defendant has not pointed to nor presented any evidence of any

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

nefarious motive on the part of Plaintiff in adding Mesa nearly seven months after Shahwan's termination. Given that courts have found amendments filed within less than a month of removal to be timely for purposes of joinder, the Court finds that the timeliness of the attempted amendment weighs in favor of permitting the joinder. *See Boon*, 229 F. Supp. 2d at 1023 (amendment less than a month after removal is timely); *IBC Aviation Services,* 125 F. Supp. 2d at 1012 (same).

### D. Motive for Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F. Supp. 2d at 1083 (citing *Desert Empire Bank*, 623 F.2d at 1376). Therefore, "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require remand to state court." *Id*.

Ms. Rice has stated, under penalty of perjury, that her purpose in seeking to amend the complaint to add Mesa as a defendant was not for the purpose of remand:

> Before this case was removed, it was my intent to amend the state court action to add a cause of action on behalf of Mr. Shahwan based on his treatment by Maria Mesa. That description of her conduct toward him was shocking to me and will support a cause of action for intentional infliction of emotional distress. Although it will achieve the effect of remanding the case back to state court, that is not my purpose in attempting to amend to add Ms. Mesa.

Rice Decl. ¶ 14. Moreover, Plaintiffs could not have included Mesa's actions against Shahwan in the original complaint, filed on June 15, 2010, as many of Mesa's actions towards Shahwan took place after his filed that lawsuit and because he filed it. *See* Proposed SAC ¶ 46. In addition, Shahwan was terminated only on November 29, 2010, which would have been the earliest date at which Plaintiffs' counsel could have added Mesa as a defendant. That, too, was after the filing of the FAC on September 23, 2010. Finally, as noted above, Defendant has not pointed to nor presented any evidence of any nefarious motive on the part of Plaintiff in adding Mesa nearly seven months after

JS-6; O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

Shahwan's termination. The Court finds this factor weighs in favor of permitting amendment.

### E. Prejudice to Plaintiff

It appears that Plaintiffs will suffer undue prejudice if the Court does not allow them to file the Second Amended Complaint. Although BofA appears to be the primary source of potential damages, denying the amendment would require Plaintiffs to either litigate the same issues using the same evidence in two forums or forego their two claims against Mesa. *See IBC Aviation Services*, 125 F. Supp. 2d at 1013. *Cf. Boon*, 229 F. Supp. 2d at 1025. This factor weights in favor of permitting amendment.

### F. Strength of New Claims

If a plaintiff seeking joinder states tenable claims against a non-diverse defendant, joinder is favored. *See IBC Aviation*, 125 F. Supp. 2d at 1012-13. *See also Clinco*, 41 F. Supp. 2d at 1083.

Defendant contends Plaintiffs' IIED claim has no legal basis because: (1) the claim is preempted by the California Worker's Compensation Act (Opp. at 12); and (2) Shahwan has presented no evidence to establish that he suffered from extreme and outrageous conduct by Mesa, the first element of IIED (Opp. at 14).

#### 1. Preemption

Defendant contends that the California Worker's Compensation Act, Cal. Labor Code § 3600, is "the exclusive remedy for injuries sustained by an employee arising in the course of his or her employment" and for conduct to fall outside of the Act, "Plaintiff must show conduct that is outside the normal risk of employment and a violation of public policy." Opp. at 13 (citing to *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987)). Plaintiffs do not dispute this contention, but rather, argue that IIED is in fact conduct outside the normal risk of employment that violates public policy. Reply at 10. Plaintiffs are correct. In *Fretland v. County of Humboldt*, 69 Cal. App. 4th 1478 (Cal. App. 4. Dist. 1999), the California Court of Appeal explained the contours of the California Worker's Compensation Act:

Case 2:11-cv-04551-AHM-CW  Document 17  Filed 03/06/12  Page 10 of 12  Page ID #:327

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

> *Cole* does not prohibit all emotional distress causes of action against an employer, but only those based on conduct that is a normal risk of the employment relationship. . . . [W]ork-related injury discrimination is not a normal risk of the compensation bargain. Thus, Fretland's emotional distress claims are not barred by the exclusivity rule to the extent they seek emotional distress damages for the alleged work-related injury discrimination.

*Fretland*, 69 Cal. App. 4th at 1492 (internal citations omitted). *See also City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1154 (1998) (finding that sexual and racial discrimination fall outside of the workers' compensation bargain, and workers' compensation is not the exclusive remedy). Because Plaintiff Shahwan's IIED claim is based in allegations related to racial discrimination (discrimination against him for his Middle Eastern ethnicity), his injuries are not preempted by the Worker's Compensation Act.

    2.    <u>Elements of IIED</u>

Defendant also contends that Mesa's alleged conduct does not rise to the level of extreme and outrageous conduct. Opp. at 13-14. "Under California law, to state a claim for intentional infliction of emotional distress, the defendant's conduct must be outrageous, i.e., beyond all bounds of decency; ordinary rude or insulting behavior is not enough to justify an award of damages." *Clinco*, 41 F. Supp. 2d at 1084 (citing Restatement 2d Torts § 46, cmt. d).

In *Clinco*, 41 F. Supp. 2d at 1084, the Court found that plaintiff's IIED claim against the proposed defendant was not tenable. There, the Court found the following:

> Essentially, Clinco alleges that Klarfeld [the proposed defendant] sent him faxes in which Klarfeld advised Clinco to contact Clinco's insurance company regarding claims which Klarfeld knew were not covered by insurance. To the extent this conduct is inappropriate, as a matter of law, it is no more than a petty oppression or annoyance and is insufficient to support a claim for intentional infliction of emotional distress. If so, Clinco's first claim against Klarfeld is weak on the merits and does not

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

support allowing the amendment.

41 F. Supp. 2d at 1084. Mesa's alleged actions here are far more extreme. For example, Plaintiff Shahwan alleges Mesa refused to let Shahwan have time away from work to meet with the police after his home had been burglarized. Proposed SAC ¶ 47. Plaintiff also alleges Mesa terminated him without notice, and after engaging in harassing behavior concerning his race and ethnicity.[6] Proposed SAC ¶ 50. In addition, Plaintiff alleges he was "humiliated, ridiculed, and chastised" by Mesa for a period of approximately eight months, which resulted in Shahwan experiencing "anxiety, frustration, sleeplessness, and depression, as well as headaches, nausea and gastrointestinal disease." Proposed SAC ¶ 145. This conduct, as alleged, is more than "a petty oppression or annoyance." Accordingly, the Court finds that Plaintiff Shahwan has asserted a tenable claim against Mesa.

Given that Plaintiff Shahwan has asserted a tenable IIED claim against Mesa, the Court finds it unnecessary to decide whether Plaintiffs may have a valid claim for defamation against Mesa. *See Yang*, 2011 WL 2680800, at *5 (granting motion to amend and remanding action to state court after finding that where plaintiffs may have a valid claim for negligence — the first claim asserted against the proposed defendant — it was unnecessary to address whether plaintiffs had a valid claim for the second claim — for willful and wanton conduct). The Court finds that this factor weighs in favor of permitting amendment.

**V.  CONCLUSION**

---

[6]This element of race-based harassment and termination, which is indeed the crux of Plaintiffs' claims against Defendant Bank of America, distinguishes Shahwan's claims from *Ankeny v. Lockheed Missiles and Space Co.*, 88 Cal. App. 3d 531 (1979), which Defendant cites in its opposition to this motion. *See* Opp. at 14. In *Ankeny*, the California Court of Appeal found that plaintiff failed to state a cause of action for IIED, distinguishing his case from actions where plaintiff alleged the use of racial slurs and provocative language, which the court found was "clearly outrageous." *Id*. at 536. Unlike in *Ankeny*, Mesa's comments allegedly contained inappropriate racial disparagements.

JS-6; O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04551 AHM (FFMx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | SHIDEH KHOSHNOOD *et al.* v. BANK OF AMERICA *et al.* | | |

    For the foregoing reasons, the equitable factors a court is to consider when applying 28 U.S.C. § 1447(e) favor allowing Plaintiffs to amend their Complaint. The Court hereby GRANTS Plaintiffs' motion to amend the Complaint and FURTHER ORDERS that the action be REMANDED to the Superior Court of California, County of Los Angeles.[7]

    No hearing is necessary. Fed. R. Civ. P. 78; Local Rule 7-15.

**JS-6**

                                                                                                               :

                                                  Initials of Preparer           SMO

---

[7] Dkt. 8.